## Case No. 7,654.

### In re KELLER et al.

### [18 N. B. R. 331.] [1]

District Court. N. D. New York. Oct. 28, 1878.

BANKRUPTCY—COMPOSITION — MEETING OF CREDITORS—CREDITORS ENTITLED TO ATTEND—FALSE STATEMENTS MADE BY DEBTOR—CLAIMS PASSED ON BY REGISTER.

1. At a composition meeting only those creditors who prove their claims are competent to engage in or take part in its proceedings.

2. At the second meeting in composition either party may furnish competent testimony, oral or written. on the question whether the composition is for the best interest of all concerned.

3. It is competent to produce any creditor and prove by him that he has been induced or biased to sign the resolution by any false statement. or by any evil practice of the debtor.

4. If a claim is disputed on its merits, the register who presides at a composition meeting may examine and pass upon it subject to review by the court. His power is not limited to the postponement of the claim, as in the case of a general meeting of creditors to elect an assignee.

[In the matter of Jacob Keller and Allen J. Goodhue. bankrupts.]

By J. D. HUSBANDS, Register:

At the first meeting on composition, the examination of these alleged bankrupts was commenced. and, without completing it, my report was made; and it was agreed that the examination be completed at this second meeting on composition, and be returned to the court with my report of this meeting. At both meetings the resolution accepting the proposed composition is signed by creditors, and by others who appear by counsel it is opposed, or investigated with a view to future opposition, if deemed expedient. after a full hearing. Questions have arisen which, for greater certainty, and in view of contingent expense, are desired to be certified to the court or judge.

First.—Can creditors who do not prove their claims in the bankruptcy proceedings appear

[1] [Reprinted by permission.]

and examine the debtors, and produce other testimony, if other testimony can be allowed, and take part in the proceedings of this meeting or any meeting on composition? I decide that at a composition meeting, only those creditors who prove their claims are competent to engage or take part in its proceedings. I fully appreciate the reasoning of Judge Hall, in Re Sheppard [Case No. 12,753], which was a case before me as register. In that case the creditor who opposed the debtor's discharge, as between him and the debtor, had an unquestioned claim. So, in composition, any creditor named in the schedules can receive his share without proving his claim, because the debtor admits it, and is to pay it. But the hearing on composition goes farther. It affects the rights of creditors inter se. The proof of a debt is in the nature of a bill of interpleader, in which the claimant is quasi the complainant, and all other creditors are quasi defendants. If creditors who do not prove debts have the same right of examination as those who do, the latter may in this way be placed at the mercy of the debtors; because if they examine for one purpose, they may do so for all purposes. Creditors proving debts have no means of knowing that persons who take part and make expense and delay, or do other acts without proving claims, are in fact creditors, except on report of the debtors. They may or may not be creditors as between themselves and the creditors who do prove their claims. Thy may be fully secured, and the creditors proving may be ignorant of it. Ex parte Trafton [Id. 14,133]; Bump, Comp. p. 8, and cases cited; In re Holmes [Case No. 6,632]; In re Mathers [Id. 9,274]. Such persons have no standing in court, except as against the debtors. It should be stated that this is an involuntary proceeding against these alleged bankrupts; and the persons claiming to be creditors who have not proved their claims, and desire to be heard, are not the petitioning creditors, or any or either of them.

Second.—The next question I certify is this: Creditors having a right to be heard and take part at this meeting propose to make proof of matters in opposition to said confirmation by testimony other than the examination of the debtors; that is to say, they propose to introduce affirmative testimony to show, if they can, that it is not for the best interest of the creditors and all concerned to confirm said resolution. I decide and hold they are entitled to do so. By the terms of the act [of 1867 (14 Stat. 517)], the court on notice to the creditors, and upon hearing, shall inquire, among other things, if it is for the best interest of all concerned to confirm the resolution and make it operative. By the terms of the order of reference, the register is to inquire into these matters "upon hearing"; in a word, this is the "hearing" referred to in and by the act. and is heard before the register by the order of the court,

and by O. 36. The register is required to state in his report of the second meeting whether in his opinion it is for the best interest of all concerned to record the resolution. I regard the "hearing" mentioned to be such a hearing by testimony as will disclose the facts bearing on the question as to the best interest of all concerned. I have no means of pronouncing an intelligent opinion without such testimony, if it be offered. I therefore decide that either party may furnish on this hearing competent testimony, oral or written, on this vital question. It is held that the books of the debtors may be examined by an expert. In re Holmes [Case No. 6,632]; In re Weber Furniture Co. [Id. 17,331]. See, also, Bump, Comp. 7, 8, 13; In re Scott [Case No. 12,519]; In re Weber Furniture Co. [Id. 17,330]; In re Holmes [Id. 6,632a] I can hardly aid the court by multiplying authorities.

Third.—Is it competent to produce any creditor and prove by him that he has been induced or biased to sign the resolution by any false statement, or by any evil practice of the debtors or either of them? I decide and hold that it is. The bankrupt act contemplates honesty and fair dealing, and equality among creditors, as among its most important features. Bump, Comp. 13, 14; In re Weber Furniture Co. [supra]. By analogy, In re Baker [Case No. 763]; In re Keiler [Id. 7,648]; In re Wronkow [Id. 18,105]. The aid of the court can never be successfully invoked deliberately to sanction or confirm a fraud by judicial determination that it is for the best interest of anybody. I make no suggestion, however remote, that there is or has been any fraud in this case. I am passing on the competency of proof, and stating a general principle.

Fourth.—If a claim be disputed on its merits, may the register, who presides at a composition meeting, examine and pass upon it? I hold and decide that he may, subject to review by the court. This follows from the fact that the register is hearing the case as the court, except for review of final action. At a general meeting of creditors to elect an assignee, the power of the register over a disputed claim is limited by the act to the postponement of a claim he deems defective, or which should be investigated by the assignee. No power is conferred on him in case he holds it valid; and in that case it must be certified to the court as a matter in which there is an opposing interest. There is no such limitation of his power at a composition meeting by the act, or by G. O. 36. See cases supra, and Bump, Comp. 4, and cases cited; In re Spencer [Case No. 13,229]; In re Tifft [Id. 14,033]; In re Holmes [Id. 6,632a].

All of which is respectfully submitted.

Rochester, N. Y., October 26, A. D. 1878.

De L. Crittenden and M. W. Cooke, for creditors.

WALLACE, District Judge. I approve and confirm each of the rulings and decisions of the register upon the questions stated in the foregoing certificate.